IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EVELYN J. CHIVERS, HAVEN and LINDA
TYSON, MARY LYNN FREEMAN, JAMES
JOINER, DANIEL JOE SHERROUSE, BILL
FEELY, DALE DROSTE, JARL CARTWRIGHT,
BRAD SCHOONOVER, JOHN and GLORIA
LANG, PHILLIP and CYNDI ALEXANDER,
BERNE FRANCIS, DIANE THORNTON, TONY
THOMPSON, C.T. HINSHAW and ANTHONY
BEARDEN, Individually and as Class
Representatives of all Similarly
Situated Persons                                             PLAINTIFFS

             V.                    Civil No. 05-4045

STATE FARM FIRE AND CASUALTY COMPANY,
STATE FARM LLOYDS, STATE FARM GENERAL
INSURANCE COMPANY, STATE FARM FIRE AND
CASUALTY, INC., FARM BUREAU MUTUAL
INSURANCE COMPANY OF ARKANSAS, INC.,
FLORIDA FARM BUREAU CASUALTY INSURANCE
COMPANY, SOUTHERN FARM BUREAU CASUALTY
INSURANCE COMPANY, FOREMOST INSURANCE
COMPANY, FOREMOST PROPERTY AND CASUALTY
INSURANCE COMPANY, ALLSTATE COUNTY MUTUAL
INSURANCE COMPANY, ALLSTATE INDEMNITY
COMPANY, ALLSTATE INSURANCE COMPANY,
ALLSTATE PROPERTY AND CASUALTY INSURANCE
COMPANY, ALLSTATE TEXAS LLOYD'S INC.,
ALLSTATE FIRE AND CASUALTY INSURANCE
COMPANY, FARMERS INSURANCE COMPANY, INC.,
FARMERS INSURANCE EXCHANGE, FARMERS GROUP,
INC., TEXAS FARMERS INSURANCE COMPANY,
NATIONWIDE GENERAL INSURANCE COMPANY,
NATIONWIDE LLOYDS, NATIONWIDE MUTUAL
FIRE INSURANCE COMPANY, NATIONWIDE
MUTUAL INSURANCE COMPANY, NATIONWIDE
PROPERTY AND CASUALTY INSURANCE COMPANY,
NATIONWIDE INSURANCE COMPANY OF AMERICA,
CHUBB LLOYDS INSURANCE COMPANY OF TEXAS,
CHUBB INDEMNITY INSURANCE COMPANY, CHUBB
CUSTOM INSURANCE COMPANY and CHUBB NATIONAL
INSURANCE COMPANY                                            DEFENDANTS

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand (Docs. 62-63). Separate Defendants Allstate Texas Lloyds, Inc., State Farm General Insurance, State Farm Lloyds, State Farm, Nationwide Insurance Company of America, Nationwide Mutual, Nationwide Mutual Fire, Nationwide Lloyds, Nationwide General have filed responses (Docs. 69-71, 76, 80-81, 83, 85)[1] and Plaintiffs have replied and supplemented their Motion (Docs. 78, 82, 84).

## I. BACKGROUND

Plaintiffs filed this putative class action complaint in the Circuit Court of Miller County, Arkansas on September 8, 2004, alleging claims for civil conspiracy, unjust enrichment, fraud and constructive fraud on behalf of themselves and a class consisting of residents of Texas and Arkansas who "were customers of Defendants, who received payments, directly or indirectly, from any Defendant for physical loss or damage to their dwelling...at any time between September 6, 1996 and the date of class certification." (Doc. 1, Ex. 1, ¶39). Plaintiffs allege that Defendants improperly profited by failing to pay general contractors' profit and overhead (GCOP) when paying claims for loss or damage to real property. (Doc.

---

[1] The Nationwide Defendants join and adopt in their entirety the Responses of the State Farm and Allstate Defendants.

2

1, Ex. 1, ¶1). GCOP is the fee paid for the services of a general contractor when one is reasonably necessary to repair or replace a property loss. (Doc. 1, Ex. 1, ¶2).

In the complaint, Plaintiffs allege that the amount in controversy for each Plaintiff is less than $75,000 and stipulate to seek less than $75,000 total recovery for each Plaintiff or Class Member. (Doc. 1, Ex. 1, ¶38). Plaintiffs' Third Amended Complaint was filed on June 3, 2005. (Doc. 1, Ex. 1). Plaintiffs seek both monetary damages and injunctive relief against Defendants.

On June 20, 2005, Separate Defendants State Farm Fire and Casualty Company, State Farm General Insurance Company, and State Farm Lloyds (the "State Farm Defendants") removed the action from state court asserting the existence of exclusive federal question jurisdiction. (Doc. 1). The State Farm Defendants filed supplements to their notice of removal on July 7 & 15, 2005. (Docs. 52, 56). On June 20, 2005, Separate Defendant Allstate Texas Lloyd's filed a memorandum, and later a supplement to the memorandum, joining in State Farm Defendants' notice of removal and further asserting the existence of diversity jurisdiction under 28 U.S.C. § 1332 as a basis for removal. (Docs. 3, 7)[2].

---

[2] State Farm Defendants and the remaining Allstate defendants join in Allstate Texas Lloyd's Joinder and

3

In the Notice of Removal, State Farm Defendants contend that exclusive federal question jurisdiction exists as Plaintiffs are pursuing flood claims governed by the National Flood Insurance Program (NFIP), 42 U.S.C. § 4011-4128. State Farm Defendants further assert their removal is timely as it was made within thirty days of the case becoming removable. State Farm Defendants contend they first became aware that Plaintiffs were making flood claims upon receipt of Plaintiffs' discovery responses on May 24, 2005 and the filing of Plaintiffs' Third Amended Complaint on June 3, 2005. Finally State Farm Defendants contend that unanimous consent was not required as some defendants were fraudulently joined. The Allstate Defendants contend that diversity jurisdiction exists as many defendants were fraudulently joined solely for the purpose of defeating diversity.

Plaintiffs maintain that this Court lacks subject matter jurisdiction as complete diversity among the parties does not exist and that federal question jurisdiction does not exist as Plaintiffs are not pursuing flood claims pursuant to the NFIP. The Plaintiffs also contend Defendants cannot show fraudulent joinder, and the amount in controversy does not exceed $75,000. Plaintiffs further contend this action should be

---

Memorandum Regarding Further Grounds for Removal Based on Diversity.

4

remanded as the State Farm and Allstate Defendants failed to comply with the procedural requirements of 28 U.S.C. § 1446 when removing the case.

## II. **DISCUSSION**

Currently before the Court is Plaintiffs' motion to remand. (Docs. 62-63). The party seeking removal or opposing remand has the burden of establishing federal jurisdiction, and all doubts on that issue are to be resolved in favor of remand. *Transit Casualty Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir. 1997). As a court of limited jurisdiction, a federal district court has a duty to assure itself that the threshold requirement of subject matter jurisdiction has been met in every case. *Bradley v. American Postal Workers Union, AFL-CIO,* 962 F.2d 800 (8th Cir. 1992). A defendant in state court may remove the case to federal court if the defendant can demonstrate that the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). This requirement can be met in one of two ways: (1) case in question involves a federal question, (2) diversity jurisdiction exists. In a case where the plaintiff's pleadings do not allege a federal question "the matter in controversy [must exceed] the sum or value of $75,000, exclusive of interest and costs, and [must involve] citizens of different states." 28 U.S.C. § 1332(a). In the

5

present case, Plaintiffs dispute the existence of both types of federal jurisdiction.

### A. <u>Exclusive Federal Question Jurisdiction</u>

Removal based on federal question jurisdiction is generally governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only where a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Krispin v. The May Department Stores, Co.*, 218 F.3d 919 (8th Cir. 2000).

In the Notice of Removal, State Farm Defendants contend that the Third Amended Complaint asserts claims under the Standard Flood Insurance Policies (SFIPs) issued in accordance with the NFIP, and therefore, the claims must be adjudicated in a federal forum. The State Farm Defendants rely on two paragraphs in Plaintiffs' Third Amended Complaint (Doc. 63, Ex. F, ¶¶ 75 & 78) and Plaintiffs' responses to Defendant State Farm Fire and Casualty Company's Interrogatories (Doc. 1, Ex. 2, p. 28) to support their contention.

In the motion to remand, Plaintiffs contend that federal question jurisdiction under the NFIP does not exist as Plaintiffs have never filed federal flood insurance claims under the NFIP with any Defendants; Defendants have not issued SFIPs to any named Plaintiff; Plaintiffs' dwellings are not

6

located in 100-year flood plains where SFIPs would be mandatory and Plaintiffs have only asserted state law claims related to homeowners' policies. Plaintiffs allege their claims arise under issued homeowners' policies, not SFIPs.

State Farm Defendants contend that the Third Amended Complaint and Responses to Defendant State Farm Fire and Casualty Company's Interrogatories fall within the purview of exclusive federal jurisdiction as Plaintiffs' allege flood claims pursuant to the NFIP. In the Third Amended Complaint, Plaintiffs allege that Defendants "rely on third-par[t]y and independent adjusters to adjust claims, especially claims arising from disaster events such as hurricanes, tornados[,] ice storms, and floods." (Doc. 1, Ex. 1, ¶78). As part of the conspiracy allegations, Plaintiffs also allege that none of the Defendants ever marketed the GCOP benefit to its customers "even after a major destructive event such as a hurricane or flood...". *Id.* at ¶ 75. In response to Interrogatory H-10, Plaintiffs state "that no cause of loss or type of property damage is excluded under Plaintiffs' current class definition. (Doc. 1, Ex. 2, p. 28).

Any reference to "floods" by Plaintiffs in the Third Amended Complaint and discovery responses is merely superfluous and has little to do with the crux of Plaintiffs' claims pursuant to their homeowners' policies. Additionally,

7

the fact that some putative class members may have been issued SFIPs by Defendants is insufficient to establish federal question jurisdiction. The State Farm Defendants have the burden of proving that Plaintiffs' claims implicate a federal question, and they have failed to meet this burden.

As the Court concludes that no federal question exists, it is not necessary to address Plaintiffs' arguments that the Notice of Removal was untimely or that the removal was procedurally flawed.

### B. Diversity of Citizenship

District courts have original jurisdiction over civil actions where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Jurisdiction under § 1332 requires complete diversity of citizenship among all of the parties. *Capitol Indemnity Corp. v. Russellville Steel Co.*, Inc., 367 F.3d 831 (8th Cir. 2004). Diversity jurisdiction exists only when all parties on one side of the litigation are of different citizenship from all of those on the other side. *Id*.

Allstate contends that the only Plaintiff alleging a claim against any of the Allstate defendants is Bill Feely who was issued a homeowner's policy by Allstate Texas Lloyd's and that Plaintiffs have no factual basis to support a conspiracy

8

between the defendants sufficient to satisfy the joinder requirements under Rule 20 of the Federal Rules of Civil Procedure. Allstate requests the Court to ignore the citizenship of all other named defendants based upon the doctrine of fraudulent joinder. Allstate Defendants do not dispute that complete diversity does not exist between and among all of the named parties but contend that only the citizenship of Plaintiff Feely and Allstate Texas Lloyd's should be considered.

Title 28 U.S.C. § 1447(c) mandates that a case be remanded to the state court from which it was removed whenever the district court concludes that subject matter jurisdiction, which is based on complete diversity, is nonexistent. *Filla v. Norfolk So. Ry. Co.* 336 F.3d 806, 809 (8th Cir. 2003). Under the doctrine of fraudulent joinder, joinder of a party that is designed solely to deprive federal courts of jurisdiction is deemed fraudulent and does not prevent removal. *Anderson v. Home Ins. Co.,* 724 F.2d 82, 84 (8th Cir. 1983). Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law to support a claim against the resident defendant. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868 (8th Cir. 2002); *see also Filla*, 336 F.3d at 810 (noting if there is a colorable cause of action, then there is no fraudulent joinder). In determining if nondiverse

9

parties have been fraudulently joined to avoid removal, district courts should resolve all facts and ambiguities in current substantive law in the plaintiff's favor. *Filla*, 336 F.3d at 811. In situations where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide. *Id*. The Court must remand if "there is even a possibility" that plaintiff has stated a colorable cause of action against the in-state defendants. *See In re Business Men's Assurance Co. of Am.*, 992 F.2d 181 (8th Cir. 1993)(all doubts should be resolved in favor of remand).

Under Arkansas law, a civil conspiracy is a combination of two or more persons to accomplish a purpose that is unlawful or oppressive or to accomplish some purpose, not in itself unlawful, oppressive, or immoral, by unlawful, oppressive or immoral means, to the injury of another. *Mason v. Funderburk*, 446 S.W.2d 543 (Ark. 1969)(citation omitted). A conspiracy may be shown by direct evidence of an actual agreement or understanding between conspirators, but it may also be shown by circumstantial evidence. *Id.* (citation omitted). It also may be inferred from actions of alleged conspirators, if it can be shown that they pursued the same

10

unlawful object, each doing a part, so that their acts, although apparently independent, are in fact connected and cooperative, indicating a closeness of personal association and a concurrence of sentiment. *Id.* (citation omitted).

Allstate Defendants contend Plaintiffs' conspiracy allegations are insufficient to create joint and several liability among Defendants, and the only citizenship that should be considered for jurisdictional purposes is that of Plaintiff Feely and Allstate Texas Lloyd's. Allstate Defendants also argue that Rule 20 prohibits Plaintiffs' joinder of all Defendants as their claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences.

Some of Plaintiffs' allegations they contend support the conspiracy claim are that Defendants had substantially uniform policies and practices regarding GCOP, direct sharing of information about policies and practices regarding GCOP, policies that Defendants would not disclose the GCOP scheme nor compete on the basis of payment of GCOP, and an unwritten agreement to commit fraud against their customers on the basis of such non-disclosure policies. *See Plaintiffs' Third Amended Complaint*, Doc. 63, Ex. F, ¶¶ 67-68, 70.

While the Court agrees that specific proof of Plaintiffs' claim of civil conspiracy appears to be lacking at this stage

11

of the litigation, we find that Plaintiffs have at the very least stated a "colorable" claim of civil conspiracy against Defendants. The Court finds no merit in Allstate's claim of fraudulent joinder. Accordingly, complete diversity does not exist between the parties in this action, and the Court lacks jurisdiction under § 1332(a)(1). Finally, as the Court concludes the parties are not diverse, it is not necessary to address the amount in controversy requirement or Plaintiffs' contention that the removal was untimely, procedurally flawed and in violation of an agreement by Allstate Defendants to neither remove the case nor consent to removal of the case by another Defendant.

### III. ORDER

Based on the foregoing, the Court finds that no basis exists for federal jurisdiction, and the entire action must be remanded to state court. Accordingly, Plaintiffs' motion to remand (Doc. 62) is hereby GRANTED and this case is remanded to the Circuit Court of Miller County. The remaining pending motions (Docs. 8, 12, 14, 16, 18, 20, 22, 24, 26, 32, 34, 36, 38, 40, 42, 53, 65, 77 and 79) are DENIED AS MOOT.

AO72A
(Rev. 8/82)

IT IS SO ORDERED this 5th day of January 2006.

                                      /s/ Robert T. Dawson
                                      Honorable Robert T. Dawson
                                      United States District Judge

AO72A
(Rev. 8/82)